UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK WILLIAMS,

                    Petitioner,

v.                                                9:20-CV-00999

LYNN J. LILLEY,

                    Respondent.
_____

**GLENN T. SUDDABY,**
**United States District Judge**

# DECISION & ORDER

Petitioner Frederick Williams, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1 ("Petition" or "Pet."). The Hon. Miroslav Lovric, United States Magistrate Judge, reviewed the matter and recommends that the Petition be denied and dismissed, and that a certificate of appealability not issue. *See* August 8, 2023 Report-Recommendation ("Report-Recommendation"), Dkt. No. 19. There have been no objections made to the Report-Recommendation, and the time to do so has expired. For the following reasons, the Petition is dismissed and no certificate of appealability will issue.

## Failure to Update Address

On August 8, 2023, the Report-Recommendation was attempted to be served on Williams via regular mail at his last-known address at the Woodbourne Correctional Facility. *See* Dkt. No. 20. However, it was returned to the Clerk as "undeliverable" with a notation that Williams had been released from custody. *See* Dkt. No. 20. According to

1

the NYS Department of Corrections and Community Supervision website, Williams was conditionally released from custody to parole supervision on October 14, 2021.[1]

Williams has failed to provide the Court with a current address as required by Local Rule 10.1(c)(2). *See* N.D.N.Y.L.R. 10.1(c)(2)("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**") (emphasis in original). Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address by counsel or *pro se* litigant within 14 days of a change in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).  In addition, the Court issued a Decision and Order on September 1, 2020 that provides in pertinent part that "Petitioner must . . . promptly notify the Clerk's Office and all parties or their counsel of any change in his address. His failure to do so will result in the dismissal of this action." *See* Dkt. No. 4, at 4.

### Failure to Prosecute under Fed. R. Civ. P. 41(b)

"Courts in this district have relied upon 'Rule 41(b) of the Federal Rules of Civil Procedure ... [to] dismiss an action[, including a habeas petition,] based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court.'" *Gutierrez v. LaManna*, No. 9:19-CV- 0847 (GLS/ATB), 2019 WL 3340695, at *2 (N.D.N.Y. July 25, 2019)(quoting *Rosa v. Napoli*, No. 9:09-CV-0687, 2011 WL 6103473, at *1-2 (N.D.N.Y. Dec. 7, 2011)(citing cases)). A party's failure to update address information as required by the Local Rules or a court order is deemed a failure to prosecute. *See Hill v. Donelli*, No. 9:05-CV-1245, 2008 WL 4663364, at *2 (N.D.N.Y. Oct. 20, 2008)("As a matter of course, courts in this district have dismissed actions when litigants have failed to abide

---

[1] https://nysdoccslookup.doccs.ny.gov/ (entry for "Williams, Frederick, DIN 14A1376") (accessed 1/27/24)

by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.")(collecting cases); *see also Poole v. Mazzuca*, No. 9:04-CV-1186, 2008 WL 163697, at *1 (N.D.N.Y. Jan. 14, 2008)(dismissing a petition for a writ of habeas corpus because the petitioner "failed to provide the court with a current address . . . and the docket sheet notes the Report Recommendation itself was returned to the court as 'undeliverable.'"); *cf. Jackson v. Rabideau*, No. 9:04-CV-1096, 2007 WL 911846, at *1 (N.D.N.Y. Mar. 22, 2007) ("United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case.").

> In determining whether involuntary dismissal ... is appropriate, the Second Circuit considers five main factors, none of which is dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Ramadan v. Niagara County*, No. 6:12-CV-6425, 2014 WL 2865093, at *4 (W.D.N.Y. June 24, 2014) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)).  A review of these factors supports dismissal under Rule 41(b).

Considering the first factor, Williams was released to parole supervision almost two (2) years before the Report-Recommendation was issued and the Clerk attempted to be serve it on Williams at his last known address. This almost-two-year period was more than enough time for Williams to comply with his obligation to update his address. *See Montford v. Walsh*, No. 9:19-CV-1607 (LEK/CFH), 2020 WL 4284135, at *2 (N.D.N.Y. July 27, 2020)("Petitioner has failed to keep the Court apprised of his

3

whereabouts for over six months. Other courts have found that delays of at least six months warrant dismissal.")(collecting cases); *Ramadan*, 2014 WL 2865093, at *3 (holding that "[a] year is more than enough time [for petitioner] to fulfill his obligation under [the] Local Rule[s.]").  Thus, the first factor weighs in favor of dismissal.

Considering the second factor, Williams was given adequate notice of his obligation to keep his address updated or risk dismissal of the action, *see* Dkt. No. 4, at 4; N.D.N.Y.L.R. 10.1(c)(2); N.D.N.Y.L.R. 41.2(b), yet he failed to do so.  Under the circumstances, any further attempt to warn Williams of the consequences of his failure to update his address would be futile. *See Ramadan,* 2014 WL 2865093, at *4 ("The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to further prosecute ... However, any further attempt to notify Plaintiff would be futile as the Court has no means by which to contact Plaintiff.")(citations omitted); *cf. Montford,* 2020 WL 4284135, at *2 ("With respect to the second factor, Petitioner has not been apprised of the consequences of failing to amend his petition, as he did not receive the January Order. However, this is largely Petitioner's fault, as it is impossible to notify him of these consequences without knowledge of his current address."). Thus, the second factor weighs in favor of dismissal.

Considering the third factor, "[w]ith respect to prejudice, petitioner's failure to update his address is effectively foreclosing [any possibility for r]espondent ... [to be able] to defend this lawsuit." *Ramadan*, 2014 WL 2865093, at *4; *cf. Montford*, 2020 WL 4284135, at *2 ("'The inability of the Court and Respondent's counsel to communicate with Petitioner means that the matter will remain pending indefinitely without the

possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless.'")(quoting *Ramadan*, 2014 WL 2865093, at *4)(additional citation omitted).  Thus, the third factor weighs in favor of dismissal.

"The fourth factor is less clear because, while it appears that '[t]he inability of the Court and respondent's counsel to communicate with petitioner means that the matter will remain pending indefinitely without the possibility of resolution,' concluding the fourth factor definitively without giving petitioner warning and an opportunity to update his address, presuming he is still engaged and actively following the court's docket," could be premature. *Gutierrez*, 2019 WL 3340695, at *3 (quoting *Ramadan*, 2014 WL 2865093, at *4).  However, Williams was advised via court order and the Local Rules that his failure to keep his address up to date could result in dismissal of the action. Consideration of Williams's *pro se* status does not, by itself, tip this factor against dismissal. *See Jackson,* 2007 WL 911846, at *1–3 ("Petitioner has failed to update his address as he is required to by [former] Northern District Local Rule 10.1(b)(2). Moreover, Petitioner has failed to update his address as required by this Court's Order. Petitioner is proceeding *pro se* and should be granted special lenience with regards to his compliance with procedural rules. However, his failure to update his address is no small matter. . . Petitioner has known for years that he must promptly update his address whenever it changes, or risk having the action dismissed by this Court. . . .  By failing to update his address, Petitioner has failed to comply with this Court's Order and Local Rule 10.1(b)(2) and has frustrated this Court's ability to contact him. The Court finds that it would be futile to make any further attempts to contact Petitioner. . . . Petitioner's failures in this matter warrant the imposition of the sanction of

dismissal.")(citations omitted); *cf. Dumpson v. Goord*, No. 00-CV-6039 CJS, 2004 WL 1638183, at *2 (W.D.N.Y. July 22, 2004)("[A] court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court ... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this should not extend to the disregard of a judge's plain directives.")(citing, *inter alia, Costello v. United States,* 365 U.S. 265, 286-87 (1961); *Lucas v. Miles,* 84 F.3d 532, 538 (2d Cir.1996)).

Furthermore, while "[t]he Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to further prosecute, . . . any further attempt to notify [Petitioner] would be futile as the Court has no means by which to contact [him]." *Purcelle v. Nephew*, No. 9:19-CV479 (TJM/DJS), 2020 WL 8838029, at *1-2 (N.D.N.Y. Dec. 4, 2020), *report and recommendation adopted,* 2021 WL 950407 (N.D.N.Y. Mar. 12, 2021); *see Ramadan*, 2014 WL 2865093, at *4 ("The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to further prosecute ... However, any further attempt to notify [petitioner] would be futile as the Court has no means by which to contact [him]. . . Plaintiff has been released from DOCCS custody and left no forwarding address. Given that the Court's recent orders have been returned as undeliverable, the Court has no means by which to effectively communicate with Plaintiff. . . .  The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address is a basis for dismissal.")(citations omitted). "Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless. . . . Accordingly, having

given due consideration to Petitioner's right to due process and a fair chance to be heard, the Court finds that the interests of alleviating court congestion and the inefficiency and ineffectiveness of lesser sanctions compel dismissal." *Montford,* 2020 WL 4284135, at *2 (cleaned up). Thus, the fourth factor weighs in favor of dismissal.

The fifth factor, while somewhat equivocal, weighs slightly in favor of dismissal. The Court has a vested interest in alleviating court congestion and preventing inefficiency that could prejudice the parties. As indicated above, the Respondent stands to be prejudiced by the indefinite continuation of this action, especially in light of Judge Lovric's recommendation that the action be dismissed on the merits. Because of the long period by which Williams ignored his obligation to update his address despite being instructed to do so and warned that the action could be dismissed if he did not, and factoring in the prejudice to Respondent by delay of this proceeding, the Court concludes that fifth factor weighs in favor of dismissal. *See Purcelle,* 2020 WL 8838029, at *1 ("Plaintiff has been released from DOCCS custody and left no forwarding address. Given that the Court's recent orders have been returned as undeliverable, the Court has no means by which to effectively communicate with Plaintiff. Nor does Defendants' attorney have the ability to communicate with Plaintiff to engage in discovery or defend this matter. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address is a basis for dismissal.")(citation omitted).

An evaluation of the totality of aforementioned factors weighs in favor of dismissal for failure to prosecute and to comply with the Court's September 1, 2020 Decision and Order to "promptly notify the Clerk's Office and all parties or their counsel

of any change in his address." See Dkt. No. 4, at 4.  Thus, the Petition is dismissed pursuant to Rule 41(b).

### *De Novo* Review

Further, even assuming Williams had objected to some or all of Judge Lovric's recommendations, upon *de novo* review the Court accepts and adopts Judge Lovric's conclusions and recommendations for the reasons stated in the Report-Recommendation.

### Conclusion

Accordingly, the Petition, Dkt. No. 1, is **DISMISSED** pursuant to Rule 41(b) for failure to prosecute and to comply with the Court's September 1, 2020 Decision and Order.  Furthermore, the Court **ACCEPTS** and **ADOPTS** Judge Lovric's Report-Recommendation, Dkt. No. 19, for the reasons stated therein. Therefore, the Petition, Dkt. No.1, is **DENIED** and **DISMISSED** on the merits, and no Certificate of Appealability ("COA") will issue.  The Clerk is respectfully directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: February 15, 2024

Glenn T. Suddaby
U.S. District Judge